Next case this morning, Standard Mutual Insurance Company v. Rick L. Jones. That's case number 4110526. For the appellant, Mr. Chimmers and for the appellee, Matthew Schweiger. Good morning again, Your Honors. May it please the Court, Counsel. For the plaintiff's appellant, Standard Mutual Insurance Company, Robert Chimmers. Your Honors, this is an appeal from the Brown County Circuit Court. The judge granted the defendant's motion for judgment on the pleadings and denied Standard Mutual's motion. This is an unusual case. I don't think this Court has seen a rescission case quite like this, at least according to our research. Rick and Ruth Jones filled out an application for auto insurance in January of 2010. They forgot to tell the insurance company that they had at least two children who lived at home, both of whom were youthful drivers. One 15 at the time, the other 18. Tyler Jones, one of their sons, turned 16 in March. The question on the application asked to list all residents and dependents, whether licensed or not. Rick and Ruth listed themselves and no one else. They did not list Tyler or his brother Derek. Tyler, one of their sons, who lived with them his entire life, was omitted from this list, was involved in an auto accident on July 16. The agent contacted Standard Mutual three days after the accident and told Standard Mutual, or inquired of Standard Mutual, to add Tyler to the policy effective July 15, the day before the accident, which they did. And then, later that same day, three days after the accident, reported the accident Tyler had to the insurance company, which involved Mr. Schweigert's clients, the Stephensons. Standard Mutual learned of Tyler for the very first time when it conducted its investigation of the accident and it sought rescission of its policy. It was met with a motion saying, you can't do this, Standard Mutual, because this policy had been in effect for one policy term, which was six months, and it was in its renewal term. Section 154 does not have, at least it was not recognized by the Circuit Court, to have a discovery component. The only question before this court is a purely legal question, and that is, does Section 154 bar the rescission of an auto policy after the expiration of one policy term, a year or six month term, from the policy's inception or the expiration of one year, even if the applicant for insurance intentionally lied on the application for insurance? There's no question here that Rick and Ruth Jones know who their kids are, at least the two who live with them, Derek and Tyler, but they were not disclosed. In Illinois, insurers are permitted to engage in what is referred to as post-claim underwriting. That is because of the law in Illinois, and that's a point conceded by the Stephensons at page 12 of their brief. In Illinois, an insurer is permitted and entitled to rely on the information given on an application. There is no requirement that an insurance company conduct an independent investigation into the information on the application. Our position is, if the carrier is permitted to rely on what's on the application and in reliance issues a policy, if it learns later that the information was less than truthful, once the lies are discovered, through post-claim investigation, which is standard, a rescission action should lie within one year of that discovery. Under the Stephensons... Mr. Chambers, I may agree with that, but that's not what the legislature has said in this section. Correct. Does your argument need to go across the street? Not necessarily. The Supreme Court, as this Court knows, has recognized a discovery component to a statute of limitations and has agreed with appellate courts who had grafted the discovery component on a statute of limitations, and it disagreed with the appellate courts that didn't. We cited Rosne, we cited Lipsy case, we cited Mega, we cited Brown Manufacturing case, all of which wound up in the Supreme Court, but many were involved appellate courts that looked at an issue much like this and determined that a discovery component was necessary. And it's not only necessary, it's especially necessary, whereas here, the plaintiff, in this position, not an injured person as a result of a defective product, which was the Brown Manufacturing case, or an injured person the result of medical malpractice. And we saw it first with the medical malpractice statute involving foreign objects left in the body, and then general medical malpractice. The concept being, if the misrepresentation is material and it affects the risk, then there's a basis for rescission. The Stephensons concede at page 16 of their brief that the failure to tell the insurance company of minor drivers is material. So we have a misrepresentation as to a material fact, which affects the risk. We have a classic case for rescission, except for the fact that the accident occurred during the renewal period. And under 154, that would appear to be barred. Our position is, this court need not resort to what the Stephensons at page 17 of their brief called judicial abstinence, arguing that the courts are incapable of adding or reading into the statute a discovery rule. Well, Illinois courts of review have done just the opposite since the 1960s, and have engrafted discovery rule exceptions to statutes of limitations, unless the legislature in the statute precludes that possibility. And that's not in section 154. There's no part of 154 where you can say the legislature said there can be no discovery component. The test, according to Rosne versus Marnell, which is a Supreme Court decision, is to balance the increase in difficulty of proof, which accompanies the passage of time against the hardship to the plaintiff, who neither knows nor should have known of the existence of the right to sue. This is a classic instance. The insurance company had no idea that Tyler, who was 15 at the time his parents were at first issued the policy, and then a few months later, 16, was even living there. His presence increases the risk. There's no doubt in the Stephensons' conceit then. Armed with that information, there is no just reason to deny this insurer the opportunity to bring a rescission action, because to deny it that action is to in effect award or reward the lies and misrepresentation of the applicant. In other words, if you can lie on an application for insurance and get a policy and not have a claim or have your fraud be discovered within one year or one renewal period, whichever is less under 154, you get away with it. You get free insurance. Isn't that what the statute says? It is what the statute says. Just like medical malpractice statute says you had to bring your cause of action against the doctor within two years. Right. But this statute then goes on to say the policy shall not be rescinded after the policy has been in effect for one year or one policy term, whichever is less. So they define the time period. Correct. The same as the medical malpractice statute of limitations said you had two years to bring your cause of action for medical negligence against a physician or health care provider. And then the court said, wait a minute. People don't know they have, people may know they're injured, but they don't know they have a cause of action until they're told that it's actionable. So the courts engrafted, courts like this one, engrafted exceptions to those statutes and said, you have two years from the time you knew or should have known that you had a cause of action. We're saying the rescission statute should recognize that as well. There are a couple of those that have been on the books. This aspect of it, Your Honor, has been on the books since 1996 with the one-year provision. Why there are no clauses? Usually you have an issue. That does not work in your favor, does it? If it's been on the books this long and now you want us to say what apparently the plain language does not take into consideration about the discovery. Or the statute hasn't been challenged. Or it hasn't been challenged. I don't know. We look for this. We could not find a case of challenge. One of the last rescission cases was a case I was involved in and we cited, Illinois State Bar v. Corregions, where the court talked about the amendment and said, the amendment doesn't change the right to rescission. And I would point the court to 355, Bill F. Heard at 167, where it said, basically the right to rescission is the same, but what the legislature did in the amendment was you no longer had to have the physical attachment of the application to the policy. That used to be a requirement under the old statute. Now it's a two-pronged test. Either somebody intentionally makes a misrepresentation with intent to defraud or deceive, I think, with an actual intent to deceive or the misrepresentation materially affects the acceptance of the risk or the hazard assumed. Well, the statute still gives the right of rescission to the insurance company, but they have to do it within a time frame that's set by the statute. Certainly. And we're saying the time frame could be one year from the date the insurer knows or should have known of the right to rescind. You have an application. But the statute specifically says the rescission must be made within one year or one policy term, whichever is left, the effective date of the policy. No doubt. This statute is no different than the medical malpractice statutes or the personal injury statutes that the courts looked at when they drafted them. Well, I'm not sure that's correct reading because this statute says you look at the effective date of the policy. What in those statutes gives you a specific date to look at? Cause of action accrues. And the court said, we don't know when the cause of action accrues. And if we don't know, how should the plaintiff know? The plaintiff knows when the plaintiff is told that he or she has a cause of action. Mr. Chambers, this statute says, insurance company, you can bring your right to rescind if there's a misrepresentation, but you must do it within either the first term of the policy or within one year, whichever is left. And then for Standard Mutual to have done that here, it would require the Rick and Ruth Jones lie to have been discovered within that first six months. And you're arguing the insurance company has no duty to investigate. And that's true. I would agree with that. But on the other hand, if they want to rescind, then they better, or at least know whether they have the right to rescind, then they need to investigate within the first policy term. Well, that's why we go in a circle. And I say that with all due respect. We go in a circle because Illinois law says an insurance company has no obligation to investigate the information given on an application. Okay. Sure, they investigate the driving records of the applicant, but they don't investigate where they say there are no dependents or residents other than Mr. and Mrs. Jones in this house. That they don't have to investigate. So if they have no duty to investigate, but they have the right to investigate or conduct underwriting, post-claim underwriting after a claim, then what can they do with that information when they have it? Here, it's a very short period of time, almost within the first six months. The first six months ended July 6th. This accident was July 16th. Tyler Jones, if he had the accident before July 6th, before the renewal kicked in, Skander Mutual would have timely had a rescission suit. It would have been within the first six months. That didn't happen here because the accident occurred in the renewal period. By dint of fate, I suppose, that's when his negligence occurred. But as promptly as it could, Skander Mutual had its lawsuit unfiled. It was within one year of issuance of the policy, but it was not within the shorter period, which is the initial six months. Our point is this. If an insurance company finds fraud, it basically just has to suck it up and pay the claim. Well, that isn't right. That's not what I think the legislature had in mind. It's not what the courts that have been drafted discovery rules on statutes of limitations. We cited a dozen cases on that point that looked at where they did it because the plaintiff neither knows nor should know of the existence of the right to sue until they can have an opportunity to discover it. And when they discover it, act promptly. That's the essence of the discovery rule. The passage of time does little to increase the problems of proof. The ends of justice are served by permitting the plaintiff to sue within the statutory period computed from the time at which it knew or should have known of the right to sue. It's no different than the foreign object in the body, than malpractice by a physician, than what the Supreme Court said in the Brown manufacturing case, where if you didn't allow a discovery aspect to the personal injury statute limitations on product liability, it would eviscerate the right the Supreme Court created by recognizing product liability, or strict liability, I should say, in the Suvada case. This is just the application of these well-recognized, time-honored principles to something this court has not seen before, which is on rescission. The statute, the same thing Judge Legosky said when she denied my motion. It says what it says. I can't read it that way. Maybe the appellate court should. She said her hands were tied. That is a standard response from a trial court. I appreciate that. That's why we're here before this court. The statute does say what it says. Whether it's as clear as Your Honor thinks it is, I don't know. Maybe the other carriers are just sucking it up and paying the claims. This one doesn't want to. It looked at this and said, wait a minute. This is a material misrepresentation. They concede it's a material misrepresentation not to tell us about two kids, one of whom has an accident, and then we are asked to add them to the policy. But, Mr. Judge, that statute deals with material misrepresentations. That's what the statute's dealing with. No doubt. Yes, it does. But how can you... In other words, if the court were to say, you're wrong. Judgment's affirmed. It'll have to write an opinion that would indicate that unless the insurance company discovers the material misrepresentation at or about the time it is asked to underwrite the initial risk, it almost will always be precluded from rescinding the policy unless the accident occurs within that initial six-month window. Illinois auto policies are written for six-month periods to individuals, one-year periods to corporations. And an individual, they'd have to literally have the accident in the first six months and discover it, discover the misrepresentation, and bring the rescission suit in that same six months. I dare say, Your Honors, that that type of opinion is going to cost the insurance industry a lot more money than it's already costing them now because this idea that they have no duty to investigate or obligation to investigate... But it's like Judge Turner says. Isn't that your argument in front of the legislature? Wasn't that argument made to the legislature when they adopted this provision, this amendment? We did not see it in the legislative history. Because the legislative history looks at this as a consumer statute. This is a consumer statute allowing the consumer to get away with a lie and a fraud. But that's a policy determination that our legislature made. It may be. It is also something this Court can react to, as have other Illinois courts of review, in grafting discovery rules onto a statute of limitations. You're asking us to rewrite the statute? I'm asking the Court to say that the one-year period runs, the one-year period to bring a rescission action based on a material misrepresentation runs from the one year of the date on which the insurer knew or should have known of the right to bring the action. Otherwise, people will lie on applications and get away with it so long as the accident involving an auto claim doesn't occur in the first six months. But, Mr. Chemers, I'm just going to go back to this. The statute actually says the period runs from the effective date of the policy, not from when the misrepresentation should have been discovered or was discovered. It gives you the starting date, which is the effective date of the policy. And I would suggest if that's how the statute is to be read, then it will require every insurer in Illinois on every application for insurance to basically go through it top to bottom and investigate, which is going to add to the cost of insurance. And that's not what it says. That's a great argument to make to the general assembly. Well, it may be. That may be where we're headed. I don't, well, I can't say I'm getting a sense that that will be where we're going. I've done this long enough. In any event. Well, you represent other insurance companies. Sure. You have before. Don't you find it unusual that there would not have been a test of this before, given the number of the cost? We know how the cost goes up if you've got teenage drivers. If families are tempted, if they've got two 15-year-olds and you don't know if they're going to get their license when they're 16. They don't yet drive the family cars. You just don't put them down on the application, and then they get good grades and they get their driver's license, and eight, ten months later, they have an accident. I mean, it just seems like this needs to have happened before. You said maybe they suck it up and pay. Well, you don't know. There aren't that many rescission cases on the books, and part of the reason for that is this statute. It is very difficult. You literally have to, on an auto claim, you have to have the application, the policy issuance, the accident, and the discovery of the fraud all within six months. And there is a case. We cited it. Is it an industry standard that six months is about the policy? In Illinois, personal auto policies are only written for six-month periods. Corporate policies are written for one-year periods. So that's why the statute says one year or one policy period, one policy period, whichever is less. So that sticks it to the auto carriers on the personal auto policies for six months. And I do have to say, the fact that this hasn't occurred before, when the legislature wrote the statutes of limitations on the other cases, we cited a litany of discovery cases. They all had their end date. It was no later than two years after the cause of action accrues. Then the issues arose. What does that mean? When does it accrue? And if the doctor says everything is okay, well, then the plaintiff believes that. So the courts then engrafted discovery rules. Rosny, Brown Manufacturing, Lipsy, Mega. There must be a dozen cases we cited in our brief. And these cases all began in the circuit courts, went to the appellate courts, which first recognized that, and then to the Supreme Court, similar. So we asked this court to reverse. You know, a few minutes, if I have any, before we vote. Thank you. You will have rebuttal. Mr. Schweiger. Good morning, Your Honors. Matthew Schweiger. I represent Appellee Christina Stevenson individually and as the mother of her three children, Michelle, Nathan, and Connor, who were in the vehicle with her at the time of the accident. Your Honors, this case is not really one of statutory interpretation so much as it is of whether or not a statute should be applied as it is written. So what we're really getting at is whether this court has a good reason not to enforce the statute. We submit that the court should enforce the statute as it is written. I won't rehash the language of the statute because Mr. Chemers How about fraud should not be rewarded? How about fraud should not be rewarded? Why wouldn't that be a good reason for us to give the interpretation  My answer to that is this, Your Honor. The legislature was writing a statute for the entire state. And perhaps I'll delve into maybe a little personal story that would help. For instance, when I was in law school and was subsisting on ramen noodles and all those good things, I had a vehicle that my parents had previously purchased. The vehicle was for all intents and purposes mine. Now, being a law student, I know that when I applied for insurance, I couldn't say, I own this vehicle. I know that I didn't have the title to the vehicle. I knew that the vehicle was still in my parents' name. But a layperson, maybe without as much background knowledge, may have said, I have this vehicle, my parents gave it to me, I'm the owner of this vehicle, when I apply for auto insurance, I'm going to say, yes, I own the vehicle. So now two years down the road, you're in an accident, and the insurance company can say, wait, you didn't own this vehicle when you applied for this policy. That's a material misrepresentation. What I submit is that the legislature was concerned that some of these misrepresentations are going to be innocent. And the legislature wanted to protect people that made innocent representations. Whether or not I own that vehicle would not affect the insurance risk. I was the one who drove it. I was the one who garaged it. The technical fact that someone else owned the vehicle didn't affect the risk. Are you saying the misrepresentations at issue here were innocent? Well, first of all, Your Honor, contrary to what was said, we don't submit or even know at this point whether there were misrepresentations or whether or not they were material. This case was decided on Section 154. Now, Standard Mutual has done a sufficient job, certainly, of explaining the prior cases, the Ratliff case, the American Service case, and I think it would be disingenuous of me to contend that courts have not found concealment of underage drivers in the household to be material. So in this case, if the facts play out as Standard Mutual contends they will play out, certainly a court would likely find it material. But as I said, the statute is written for an entire state, and statutes often, in particular situations, work results that we think are unfair. I mean, the medical malpractice is written for the whole state as well. What's wrong with the argument made that courts are the ones that figured out that the discovery rule needed to be applied to when a cause of action occurs? First, Your Honor, I want to question the premise of even applying the discovery which applies to statutes of limitations. I don't accept that this is a statute of limitation. In fact, we contended that it was a statute of repose, and Judge Legoski, the trial judge, said, you know, it doesn't really matter what we classify this as, the statute says what it says. I tend to agree with that, but if pushed, I would argue this is a statute of repose. Is this the shortest statute of repose in the history of modern man? I can't say that I have an opinion on that. With automobile policies, we're talking about six months. Yes. However, I will say that the American Service case involved a personal automobile policy that was a one-year policy, and as we discussed in our brief, that was the deciding factor. The insurer rescinded within one year. Here, if Sander Mutual had written a one-year policy, it would have rescinded within sufficient time. It was shortly after the six-month period. So had they written a one-year policy, they would have rescinded within time. And the six-month policy period, perhaps Mr. Chalmers will correct me on this, but that is the insurer's choice because it allows them to change their premiums with the most current information. For instance, the Jones will most likely face a much higher premium now than they would have faced before this accident. So that's the insurer's benefit that they issue a six-month policy. I think they might be paying the premium to a different company. True. True, very true, Your Honor. But regardless, the insurers could issue a yearly policy, and in the American Service case it worked out to the insurer's benefit that it was a yearly policy. If it had been a six-month policy, they would have been out of luck because they rescinded, I believe, about a month before the policy was set to expire. But back to your original question about analogizing this case to statute of limitations and discovery rule cases. The difference between those cases is that the discovery rule is applied where the legislature has said you have this cause of action, but you need to bring it within a certain amount of time. And courts have said, well, I think it's reasonable to allow someone to first know that they actually have a cause of action, so we're going to apply the discovery rule. So they're, in effect, giving meaning to the legislature's intent. They're saying the legislature intended for you to have this cause of action within two years of knowing of it, or within one year of knowing of this cause of action. Here, we're telling the legislature that it didn't mean what it said. We're taking what the legislature said and we're taking it away. As we discussed, the practical realities of claims for misrepresentation are that insurers will rarely discover a misrepresentation, the fact is, until a claim arises. And then, once a claim arises, they will immediately move to rescind the policy, certainly within six months and definitely within a year. So what we would be doing is making the statute worthless. We would be saying, nice try, legislature, but we don't agree with what you did here, so we're going to essentially move the law back to before you specifically took this action to amend the statute in 1996. We're going to move the law back to what it was before that. Now... Mr. Schweiger, why do you think there aren't any cases? As we mentioned in our brief, I think almost exactly what we say, that we submit there aren't any cases because the statute is clear. Our practice deals a lot with insurance companies. We've faced this statute before and we do tell them, sorry, you are out of luck. Obvious, it does cost money, but you can discuss changing the statute with the legislature and that's what we've argued from the beginning that Standard Mutual should do here. Standard Mutual is, in effect, asking this court to use fairly extraordinary use of its power here to essentially tell the legislature that the statute that it wrote is not what it meant. And I submit from the reading of the legislative history that the legislature knew exactly what it was doing. We cite comments by Representative Pedersen in the House where he acknowledged that automobile policies are often written for six months. He specifically said, we're talking about six months or a year. Some auto policies are written for six months, but we want to protect consumers and so we're going to say that insurers cannot rescind after six months or a year, mainly when we're dealing with personal policies we're talking about. Want to protect consumers from what? The situation I discussed earlier. A situation where there are perhaps innocent misrepresentations. I think, you know, there are going to be people who lie. So you're saying Representative Pedersen said the legislature wanted to protect consumers in spite of their fraud. That's what they meant. No, I'm not saying that. Fraud makes no difference. No, I'm not saying they meant that. Well, you keep talking about an innocent misrepresentation, but also the way you interpret it would include any kind of misrepresentation. Absolutely. It could be the most blatant fraud ever seen. Absolutely. And the legislature was going to say, if the insurance company doesn't catch it within a year, too damn bad then. That's what the statute says. And that's what they intended. I can't say whether that's what they intended because they don't specifically discuss that. What was the mischief that the statute was addressed to? What had gone on before that it seemed as if this protection was needed? So I think the difficulty before was that an insurer only had to rescind within a prompt period of time once it learned of the misrepresentation. So that could be a few years down the road, depending on when the policy was in effect and when the occurrence happened. So the legislature wanted to protect against the fact where there was something in the policy. And we also have to take into consideration that often insurers don't fill out the application themselves. Sometimes agents fill out the application. I believe that's discussed in the Golden Rule versus Schwartz case, although it's not directly applicable to the issue here. But agents sometimes fill out the application and the insurers don't necessarily proofread it as well as they should. So again, we're talking about another situation where it's not necessarily fraud, but there might be a misrepresentation in the application. And I think those are the types of issues that the legislature was trying to remedy at the time. The other point that I want to make before wrapping up here is that Standard Mutual does devote a sizable portion of its brief to discussing the merits of the alleged misrepresentation. Section 154, like Statutes of Limitations, Statutes of Proposed, provides a line where we can say the claim is over. So, this probably goes to your previous question, part of what the legislature was doing was saying this is over. There's an end. No matter what was said in the policy application at a previous time, the insurance company can no longer attempt to rescind. So, it's providing clarity for courts. It's providing clarity for insurers. It's providing clarity for consumers. So, all this discussion of these previous misrepresentation cases where the courts delved into the materiality of the misrepresentation are totally irrelevant here. We don't concede at all that there was a material misrepresentation in this case. What we're saying is that it's totally irrelevant for the issue before this court. Standard Mutual's motion before the trial court was based on Section 154. Stevenson's was based on 154. The trial court rendered its decision based on Section 154, and that's really what we're talking about here, whether or not that applies. And I believe the trial court entered the proper order here, and I ask this court to affirm. If there are no further questions, conclude. Thank you, counsel. Rebuttal, please. We cited, Your Honors, in our brief of appellant, and then again in our reply, because there was no response by the defendants, to this statute of repose argument. If 154 is a statute of repose, then there are a host of cases that they have not even sought to distinguish, which stand for the proposition that the statute is told when the party who stands to benefit from the repose is the one who committed the fraud. And clearly, the Jones committed the fraud. They didn't tell Standard Mutual they had two youthful drivers live at home. Didn't ask how well they drive. Didn't ask what their life is. Just says, who lives with you? Well, these people didn't put down two youthful drivers. And they did concede that that is material. The case law is uniform, that a failure to disclose a youthful driver is material. The most recent case is American Service Insurance versus United Auto Insurance, which was a rescission case, 409 ILL-F-327. It's decided in April of last year in the First District, where it was. That was a one-year policy, which is somewhat unusual for an auto policy to an individual. And the accident and the discovery of the misrepresentation and the filing of the rescission suit all occurred within the one-year period. We don't have that here. And that isn't Standard Mutual's fault. They're not going to start writing policies for one year so that they can somehow get through this. And then, oh, well, maybe we'll discover the liars, the cheats, and the frauds within one year instead of six months. No, they'll write it for five years. And Mr. Schweiger is correct. Before the 1996 amendment, you had to bring a rescission action promptly after knowing you had a basis for it, is what the court said. Arguably, it would be a 10-year statute of limitations to suit on a written contract. But the courts all have uniformly said, even the Corregents, the ISBA case says, you must bring an action for rescission promptly after knowing the basis for it. We did that. However, the statute says we did it too late. But we did it when we did it because we didn't know we had the right before. And if the statute had proposed, then it wasn't told because the party who benefits would be the insurers or the ones who committed the fraud. And that's not what the statute is designed to protect. Nor was the legislature, in its infinite wisdom in giving us a six-month period to bring a lawsuit for rescission, somehow creating a consumer-oriented statute. Because what it does is it allows those people who lie and misrepresent facts on an application to benefit from it. It's free insurance for Tyler Jones. That's the result of this. Why did they do it? Why did they do it? I have no idea. In fact, Judge Lugoski asked them, why did you do that? And they just sat there. No, I mean the legislature. Why did the legislature do this? I don't know. I don't know. You go from bring it within a prompt period of time, which could be up to ten years, to the stilted, stultifying limitation provided by this statute. I don't know. It doesn't make any sense. If the legislative purpose was somehow consumer-oriented, then to stick that on the insurance industry doesn't make any sense. The insurance industry should not be saddled with having to investigate every representation on an application, so that it knows before an accident that it has a basis to rescind the policy. That would make insurance prohibitively expensive in Illinois. Mr. Chalmers, in the Correigious case, nobody even argued that the amendment was applicable there, isn't that true? That's correct. In fact, there's a footnote. Nobody argued that the one-year limitation. Right, that's what I meant. The amendment was. The amendment was. That's correct. There's a footnote that I believe Justice Quinn referenced that said nobody argued the one-year period. I don't think the one-year period applies, Your Honor, to a professional liability policy in any event. It's not one of the policies referenced in the scope of 154, which is more the commercial general liability policy, the auto policy, and the homeowners policy. We'd, again, ask this court to reverse it. If it's a statute of proposed, he made my argument for me. Thank you, Your Honor. Thanks to both of you. The case is submitted. The court stands in recess.